

U.S. Department of Justice

United States Attorney
Eastern District of New York

SLR:LDM:KKO
F. #2014V00817

271 Cadman Plaza East
Brooklyn, New York 11201

August 12, 2015

By Interoffice Mail and ECF

Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: *United States v. The Proprietary Lease for and any Other Interest Held by Doris Henriette Yembe in the Real Property and Premises Located at 2840 South Ocean Boulevard, Apartment no. 209 and Parking Space no. 166, Palm Beach, Florida 33480*
> Civil Action No. 14-2693 (Dearie, J.)

Dear Judge Dearie:

Per the Court's Order entered on August 6, 2015, the government is preparing to file a renewed motion for an interlocutory sale of the defendant in rem in the above-captioned action by September 2, 2015. In connection with this motion, the government respectfully writes to advise the Court that it has come to the government's attention that claimant Doris Henriette Yembe lacks standing to file or respond to motions in this matter for the reasons set forth below. Should Ms. Yembe fail to cure the defect in her standing by September 2, 2015, the government respectfully requests that the hearing scheduled for October 2, 2015 be adjourned and a pre-motion conference be scheduled in its place at the Court's earliest convenience.

I.   Requirements of Rule G

Pursuant to Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supp. Rules"), a person seeking to contest forfeiture must file and serve a verified claim within 35 days of receiving notice of the action. Rule G(5)(b) provides that within 21 days after filing a claim, the claimant must serve and file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure ("Rule 12"). If a claimant fails to comply with Rule G(5), the government

may move to strike the claim and/or move for judgment on the pleadings.  Supp. Rule G(8)(c).

II.     The Government's Efforts to Advise Ms. Yembe of Rule G's Requirements

On February 20, 2015, the government renewed its notice to Ms. Yembe of the amended complaint in this action by sending a notice package to Ms. Yembe's attention at the Metropolitan Detention Center.  (Exhibit A).  The notice letter advised Ms. Yembe that she must file a verified claim that meets the requirements of Rule G, and that after filing the claim she would have 21 days to answer or file a motion under Rule 12.  A copy of Rule G was included.[1]  On March 13, 2015, Ms. Yembe's criminal defense counsel sent a claim to the undersigned Assistant by email.  (Exhibit B).  To date, however, Ms. Yembe has not filed an answer or motion under Rule 12, and the time to do so expired on April 3, 2015.

In light of Ms. Yembe's *pro se* status in this case, the government sent a letter to Ms. Yembe on August 7, 2015, advising her of the requirement to file an answer or motion and noting that she would need to seek the Court's permission to file such documents out of time.  (Exhibit C).  Based on Ms. Yembe's subsequent email correspondence with the government, she does not appear to understand or intend to comply with this requirement.  (Exhibit D).  This assessment is confirmed by Ms. Yembe's correspondence with the Court today.

III.    Request for Relief

For the reasons set forth above, if Ms. Yembe does not cure the defect in her standing by filing an answer or motion under Rule 12 by September 2, 2015, the government respectfully requests that the October 2, 2015 hearing be adjourned and the Court schedule a pre-motion conference.  At the pre-motion conference, the government will seek permission to move pursuant to Supp. Rule G(8)(c) to strike Ms. Yembe's claim and any response she files to the government's motion for an interlocutory sale for lack of standing, and for a default judgment.

---

[1] On August 7, 2015, a similar Rule G notice letter was sent to Ms. Yembe in the related civil case, *United States v. 50,000 Shares of Series B Preferred Stock of Probalance, Inc.* (15-CV-4371).  Thus, if Ms. Yembe wishes to contest forfeiture of the Probalance shares, she must file and serve a verified claim in the related case by September 11, 2015, and file and serve an answer or motion under Rule 12, within 21 days after filing the claim.

Should the Court wish to hold a status conference in this matter, the government is available to attend in person or by telephone at the Court's convenience.

Respectfully submitted,

KELLY T. CURRIE
Acting United States Attorney

By:        /s/
          Karin Orenstein
          Assistant U.S. Attorney
          (718) 254-6188

Encls.