UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA,

                Plaintiff,

                - against -

REAL PROPERTY AND PREMISES
LOCATED AT 2840 SOUTH OCEAN
BOULEVARD, APARTMENT NO. 209
AND PARKING SPACE NO. 166, PALM
BEACH, FLORIDA 33480,

                Defendant in rem.
------------------------------------------------------------ x

**MEMORANDUM & ORDER**

No. 14-CV-2693 (RJD)

RAYMOND J. DEARIE, District Judge,

       This is a civil forfeiture action against real property and premises located at 2840 South Ocean Boulevard, Apartment # 209 and parking space # 166 in Palm Beach, Florida. The United States seeks forfeiture of all interests Doris Henriette Yembe has in the property. Ms. Yembe has not filed a verified claim in this action, but has appeared pro se and voiced her opposition to the forfeiture. On September 1, 2015, Ms. Yembe moved for my recusal and disqualification, pursuant to 28 U.S.C. § 455, because she claims I have "a personal bias or prejudice" against her. For the reasons set forth below, the motion is denied.

BACKGROUND

       This action was commenced on April 30, 2014, against the defendant in rem. The complaint alleges that the subject property is forfeitable as it is derived from proceeds traceable to mail fraud and money laundering. Copies of the complaint were mailed to Ms. Yembe at four mailing addresses (including to the subject property) and notice of civil forfeiture was posted on the website www.forfeiture.gov. On June 3, 2014, Royal Saxon, Inc., a non-for-profit cooperative association, filed a verified claim to the property as the lessor of the property. On

June 5, 2014, the United States amended the complaint, clarifying that the government seeks forfeiture of the proprietary lease for, and any other interest held by Ms. Yembe in the property. On October 27, 2014, the Court approved a stipulation of settlement between the government and Royal Saxon. The government renewed its notice to Ms. Yembe on February 20, 2015. No additional claims were made on the property before the period of filing a claim expired. Ms. Yembe filed an objection to the forfeiture in this case on March 31, 2015.

The day before this forfeiture action was commenced, Ms. Yembe was arrested on a criminal complaint charging her with wire fraud. On November 24, 2014, the government moved in the criminal case for a mental competency examination of Ms. Yembe. Magistrate Judge Robert M. Levy granted that application, and a competency hearing was scheduled for July 2, 2015. While the competency issue was pending in the criminal matter, this Court abstained from adjudicating the pending motions. After the criminal action was dismissed on June 29, 2015, this Court held a status conference on August 6, 2015.

The day after the conference, the government sent a letter to Ms. Yembe advising her that she must file an answer or motion pursuant to Rule G(5)(a) of the Supplement Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions and Rule 12 of the Federal Rules of Civil Procedure. Ms. Yembe instead e-mailed the Court, claiming that that the government "has maliciously attempted" to "forc[e] the defense to produce documents . . . and has even accused the defense of being in default. . . ." She requested a hearing at noon on August 21, 2015. On August 12, 2015, in an electronic order, I denied Ms. Yembe's request for a hearing, noting that "the parties must comply with the pretrial requirements, including discovery obligations, set forth in the Federal Rules of Civil Procedure" and cautioning Ms. Yembe that she "would be

well advised to engage in the litigation process, and comply with her discovery obligations, without drama or exaggeration."

Ms. Yembe has since filed a series of letters with the Court and, on September 1, 2015, moved for my recusal and disqualification. In her motion she claims that the statement in my August 12 order ("without drama or exaggeration") "shows prejudice and discrimination." Additionally, Ms. Yembe claims her rights have been violated because her requests for hearings have been "ignored" or rejected.

## DISCUSSION

Title 28 United States Code, Section 455(a) and (b)(1) provide in pertinent part that "[a]ny . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." In assessing a motion for recusal, the relevant inquiry is "whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal,' or alternatively, whether 'a reasonable person, knowing all the facts,' would question the judge's impartiality." United States v. Yousef, 327 F.3d 56, 169 (2d Cir. 2003) (quoting United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992)) (modification in original). "[A] judge should not grant a recusal motion lightly lest the court encourage litigants to advance speculative and ethereal arguments for recusal and thus arrogate to themselves a veto power over the assignment of judges." Pri-har v. United States, 83 F. Supp. 2d 393, 397 (S.D.N.Y. 2000) (citation and internal quotation marks omitted).

Only in exceptional situations can decisions rendered, or views developed, in the ordinary course of judicial proceedings create disqualifying bias or prejudice. "Generally, claims of

3

judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." Chen v. Chen Qualified Settlement Fund, 552 F.3d 218, 227 (2d Cir. 2009); see also Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). [T]he fact that [a party is] unhappy with the district court's legal rulings and other case management decisions is not a basis for recusal. . . ." Watkins v. Smith, 561 F. App'x 46, 47 (2d Cir. 2014). Furthermore, a judge's comments during a proceeding that are "critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Liteky, 510 U.S. at 555.

None of the justifications Ms. Yembe advances for my recusal have merit. My instruction that she comply with pretrial requirements, including her discovery obligations, was a legitimate exercise of my case management authority and is not evidence of partiality. My admonishment that Ms. Yembe comply with these obligations "without drama or exaggeration" was appropriate in light of her e-mail to the Court regarding the government's purportedly "malicious" conduct. And in any event, judicial remarks like these "do not support a bias or partiality challenge." Id.; see also Chen, 552 F.3d at 227-28 (finding that a judge's use of "derogatory language" in reference to an attorney's handling of the case was "neither unfounded nor so extreme" to establish bias).

Likewise, any delay in scheduling a hearing or denial of a request for a hearing is not evidence of partiality. "Scheduling is within the realm of judicial case management which is left to the discretion of the trial court and which does not provide a basis for recusal." Lamborn v. Dittmer, 726 F. Supp. 510, 517 (S.D.N.Y. 1989) (citing Johnson v. Trueblood, 629 F.2d 287, 291 (3d Cir. 1980)); see also Clemmons v. Comm'r of Soc. Sec., No. 11-CV-1645 (KAM), 2011 WL

6130926, at *7 (E.D.N.Y. Dec. 8, 2011) (same).  The resolution of this case was delayed in order to accommodate the competency examination in the criminal proceeding.  If anything, Ms. Yembe has benefited from my decision not to act.  The delays in the adjudication of the merits, or the more recent denial of Ms. Yembe's request for a hearing on the date of her choosing, are not a basis for recusal.

Ms. Yembe has not cited any extrajudicial source of bias on my part or other evidence of impartiality.  Indeed, there is none.  Her motion is therefore denied.

SO ORDERED.

Dated: Brooklyn, New York
       September 15, 2015

/s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge