

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLR:LDM:KKO
F. #2014V00817

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 2, 2015

By Interoffice Mail and ECF

Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  *United States v. The Proprietary Lease for and any Other Interest Held by Doris Henriette Yembe in the Real Property and Premises Located at 2840 South Ocean Boulevard, Apartment no. 209 and Parking Space no. 166, Palm Beach, Florida 33480*
> Civil Action No. 14-2693 (Dearie, J.)

Dear Judge Dearie:

The government respectfully moves pursuant to Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), to strike the claim of Doris Henriette Yembe ("Yembe") as to the above-referenced defendant *in rem*. Despite multiple reminders, Ms. Yembe failed to file an answer, as required by the Rule G(5)(b) of the Supplemental Rules. Her claim should therefore be stricken.

I.      Background

   A.      Requirements of Rule G

Civil forfeiture actions are governed by Rule G of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supp. Rules"). Rule G(1) (providing that if Rule G does not address an issue, Supp. Rules C and E and the Federal Rules of Civil Procedure apply); *see United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 & n. 3 (2d Cir. 2014) (noting that civil forfeiture cases are governed by Rule G and the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA")).

Pursuant to Rule G(4), the government must give notice of civil forfeiture actions directly to potential claimants and also publish notice of the action generally. Rule

G(4)(a)-(b).  When giving direct notice to a potential claimant, the government must afford the recipient at least 35 days from the date notice is sent to file a verified claim. G(4)(b)(ii)(B). Pursuant to Rule G(5)(a), a person asserting an interest in a defendant *in rem* may challenge its forfeiture by filing and serving a verified claim within the time limit stated in the direct notice.  *Id*.  Once a verified claim has been filed, the claimant must serve and file either an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure ("Rule 12") within 21 days.  Rule G(5)(b).   If a claimant fails to comply with Rule G(5), the government may move to strike the claim.  Rule G(8)(c); *see United States v. $417,143.48*, No. 13-CV-5567 (MKB), 2015 WL 5178121, at *8 (E.D.N.Y. Sept. 2, 2015).

> B.    Procedural History

>> 1.    The Complaint and Amended Complaint

On or about April 30, 2014, the United States filed a Verified Complaint *in Rem* (the "Complaint") seeking forfeiture of the real property and premises located at 2840 South Ocean Boulevard, Apartment no. 209 and Parking Space no. 166, Palm Beach, Florida 33480 (together, the "Property") to the United States.  On or about June 5, 2014, the United States filed an Amended Verified Complaint *in Rem* (the "Amended Complaint") clarifying that the United States seeks forfeiture of the proprietary lease for, and any other interest held by Doris Henriette Yembe in the Property (the "Defendant *in rem*").  As alleged in the Amended Complaint, the Property is forfeitable to the United States as property that constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1341 (mail fraud), and as property traceable to property involved in a transaction in violation of 18 U.S.C. § 1957 (money laundering).  Specifically, over $1 million was obtained from victims through an advance fee fraud.  At least approximately $75,000 of these criminal proceeds was subsequently used to purchase the Property.

>> 2.    Ms. Yembe's Was Notified of and Failed to Meet her Rule G Obligations

As discussed below, Ms. Yembe has been given multiple opportunities and reminders to meet her obligations under Rule G, but has failed to do so.

>>> a.    Ms. Yembe Received Written Notice on June 5, 2014 and Oral Notice Prior to and at an October 21, 2014 Conference

On or about June 5, 2014, the government sent a Rule G notice concerning the Amended Complaint to Ms. Yembe, care of Leslie Jones Thomas who was then Ms. Yembe's criminal defense counsel.  (Ex. A); *see* Rule G(4)(b)(iii)(A)-(B) (notice must be sent by means reasonably calculated to reach a potential claimant, which may including sending notice to the potential claimant's counsel in a related criminal case).  The letter advised Ms. Yembe that she had 35 days to file a verified claim (*i.e.*, until July 10, 2014), and 21 days from that filing to file an answer or motion pursuant to Rule 12.  A copy of Rule G was included with the letter.  While the government did not receive a verified claim, Ms. Yembe wrote in correspondence addressed to the Assistant U.S. Attorney handling the

criminal case and to Customs and Border Protection, the agency handling administrative forfeiture of other seized property, that she did not wish to relinquish the Defendant *in rem*. This correspondence, however, failed to meet the requirements of a verified claim.

On or about October 21, 2014, during a conference in the parallel criminal proceeding against Ms. Yembe, the Assistant U.S. Attorney handling Ms. Yembe's case had the following exchange with Magistrate Judge Ramon E. Reyes, Jr.:

> MR. LERER:    Your Honor, can I just put one other matter on the record? Today we excluded time on the criminal case. There's a civil forfeiture case that is ongoing and I wanted to just note on the record that certain properties, both real and physical, are being forfeited and the defendant has not filed a claim and the time to file that claim has expired. I'm just putting that on the record.
>
> THE COURT:    When did it expire?
>
> MR. LERER:    Quite a while ago. I've also informed the defendant in person of that. I think she may be objecting to that. It's not – I know it's not [–] this matter. I'm just putting it on the record.

(Ex. B). Thus, Ms. Yembe, who was present in court, was reminded by Mr. Lerer of her obligation to file a verified claim both in advance of the October 21, 2014 conference and at the conference.

<strong>b.      The Government Sent a Second Rule G Notice in February 2015 and Ms. Yembe Submitted a Verified Claim in March 2015</strong>

Although Ms. Yembe had "actual notice" of the forfeiture action, *see* Rule G(4)(b)(v), on or about February 20, 2015, the government sent a copy of the Rule G notice package to Ms. Yembe's attention at the Metropolitan Detention Center ("MDC"). (Ex. C); *see* Rule G(4)(b)(iii)(C) ("Notice sent to a potential claimant who is incarcerated must be sent to the place of incarceration.").

On or about March 13, 2015, Ms. Yembe served the government with a verified claim to the Defendant *in rem* through her criminal defense counsel. (Ex. D). However, she failed to file an answer or motion pursuant to Rule 12 within 21 days (*i.e.*, by April 3, 2015), as required by Rule G(5)(b).

3

       c.       <u>Ms. Yembe Was Reminded of her Rule G Obligations in August 2015 and Advised that the Government Would Move to Strike her Claim if she Did Not Comply by September 2, 2015</u>

In or about July 2015, Ms. Yembe was released from the MDC. On or about August 6, 2015, she appeared telephonically for a status conference in this civil forfeiture proceeding. During the conference, the Court denied the government's pending motion for an interlocutory sale with leave to renew. The Court also scheduled dates for the government to submit a renewed motion and for Ms. Yembe to respond, and asked the government to be ready to proceed to discovery and trial after a hearing on the motion.

On or about August 7, 2015, the government sent a letter to Ms. Yembe reminding her that she was required by Rule G(5)(b) to file an answer or Rule 12 motion within 21 days of her claim and was then "in default of this requirement." (Ex. E). As Ms. Yembe was proceeding *pro se*, the government further informed her:

> You may request permission from the Court to file an answer or motion forthwith despite the passage of the deadline in Rule G. Without filing an answer we will not be able to proceed to discovery or adjudicate this case.

(*Id*.). The government also provided guidance on the format of an answer and how to serve an answer or Rule 12 motion. (*Id*.). On August 10, 2015, Ms. Yembe responded by email that she was not in default because she had objected to the government's motion for an interlocutory sale. (Ex. F). In reply, the government advising Ms. Yembe that she remained obligated to file an answer or a Rule 12 motion and referred her to the *pro se* clerk's office. (*Id*.). Ms. Yembe responded by accusing the government of "play[ing] games." (*Id*.).

On or about August 12, 2015, Ms. Yembe wrote to the Court to request a conference because the government "maliciously attempted [by] means of letters and emails, to breach [the filing deadlines set by the Court on August 6, 2015 for a renewed interlocutory sale motion] by forcing the defense [sic] to produce documents before set dates and has even accused the defense [sic] of being in default for not doing such." (Docket no. 17).

On the same date, the Court issued an electronic order declining to schedule a conference and stating that "the parties must comply with the pretrial requirements, including discovery obligations, set forth in the Federal Rules of Civil Procedure. Ms. Yembe would be well advised to engage in the litigation process, and comply with her discovery obligations, without drama or exaggeration." (Electronic Order re. Docket no. 17 (August 12, 2015)). Ms. Yembe responded in writing to the Court, stating in part, "If the court wants a motion filed per [R]ule 12 it will be provided shortly within the timeframe available within my busy preaching schedule." (Docket no. 19).

Later on the same date, the government filed a letter requesting a pre-motion conference to seek permission to file a motion to strike Ms. Yembe's claim in the event that Ms. Yembe failed to cure the defect in her standing by September 2, 2015. (Docket no. 18).

In the letter, a copy of which was also provided to Ms. Yembe, the government explained the requirements of Rule G and recounted its efforts to advise Ms. Yembe of her obligations. (*Id*.).

On or about August 27, 2015, Ms. Yembe submitted a letter to the Court stating that she would file "the said and requested document" on September 1, 2015. (Docket no. 20). On or about August 31, 2015, Ms. Yembe filed both a notice of motion to dismiss pursuant to Rule 12 and a motion seeking Your Honor's recusal from this action. (Docket nos. 21 and 22). However, Ms. Yembe did not file the motion to dismiss on September 1, 2015. Rather, on that date, Ms. Yembe filed an amended notice of motion clarifying that she did not intend to file a motion to dismiss until the motion to recuse was decided. (Docket no. 23).

On or about September 2, 2015, the government filed a letter stating that it was not renewing its motion for an interlocutory sale and requesting a pre-motion conference as Ms. Yembe had not filed an answer or Rule 12 motion. (Docket no. 24) The government further wrote that Ms. Yembe's filing of a motion to recuse did not affect her obligation to file an answer or Rule 12 motion. (*Id*.).

On or about September 10, 2015, the Court filed an electronic order waiving the pre-motion conference requirement and authorizing the government to file a motion to strike Ms. Yembe's claim by October 2, 2015. (Electronic Order re. Docket nos. 18, 24 (Sept. 10, 2015)). On or about September 15, 2015, the Court denied Ms. Yembe's motion for recusal. To date, Ms. Yembe has not filed a motion pursuant to Rule 12 or an answer to the Amended Complaint.

II.    Remedies for Failure to File a Timely Answer or Rule 12 Motion

To contest a forfeiture action, a potential claimant must establish statutory standing. *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999) (stating that both statutory and constitutional standing are required in federal forfeiture actions). A claimant establishes statutory standing by complying with the procedural requirements in the Supplemental Rules. *United States v. Any and All Funds on Deposit in Bank of America Account no. 004836378025*, No. 14-CV-1928, 2015 WL 5173044, *1 (S.D.N.Y. Sept. 3, 2015). Courts typically require "strict compliance" with the rules and deadlines governing forfeiture proceedings. *Cambio Exacto*, 166 F.3d at 529 (quoting *United States v. Amiel*, 995 F.2d 367, 371 (2d Cir. 1993)); *$417,143.48*, 2015 WL 5178121, at *5.

The filing of an answer is essential for a case to proceed to discovery and adjudication. As the court wrote in *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 664 F. Supp. 2d 97 (D.D.C. 2009):

> Unless the claimants file an answer to that complaint, the United States—and the Court—must guess at which allegations in that complaint are undisputed or irrelevant to a particular claimant and which will have to be proven by a preponderance

of the evidence.  Although the individual claimants are *pro se* and so are entitled to some leniency, the less stringent standard for *pro se* litigants does not allow them to simply disregard the applicable Local and Federal Rules of Civil Procedure or render the court or the opposing party the decisionmaker of what claims a litigant may or may not want to assert.

*Id. at* 102 (striking claims of pro se claimants; internal quotation marks and alterations omitted).

"When a claimant fails to file an answer, he or she does not have statutory standing to bring a claim." *United States v. 479 Tamarind Drive, Hallendale, Fla.*, No. 98-CV-2279, 2011 WL 1045095, *3 (S.D.N.Y. Mar. 11, 2011) (collecting cases).  As a result, courts routinely strike the claims of parties who fail to file timely answers.  *See, e.g., $417,143.48*, 2015 WL 5178121, at *9 (striking claim where claimant filed neither answer nor motion to dismiss in 16 months after filing her claim, nor sought extension of time to do so, nor set forth facts demonstrating excusable neglect); *United States v. $10,160*, No. 3:11-cv-1612, 2012 WL 3608578, *2 (D. Conn. Aug. 22, 2012) (granting government motion to strike claim where answer was filed 114 days late without the court's permission); *United States v. $541,395.06*, No. 10-CV-6555, 2012 WL 3614294, *3 (W.D.N.Y. Aug. 21, 2012) (finding no statutory standing where claimant filed answer one day late); *United States v. $27,601*, 800 F. Supp. 2d 465, 467-68 (W.D.N.Y. Aug. 1, 2011)(granting motion to strike claim where claimant failed to file answer for two years).

III.     The Court Should Strike Ms. Yembe's Claim for Lack of Statutory Standing

        As described in further detail above (Part I.B., *supra*), Ms. Yembe has received multiple notices and reminders to comply with her obligations under Rule 12:

1.      On or about June 5, 2014, a Rule G notice was sent to Ms. Yembe through her criminal defense counsel advising her of the applicable filing deadlines.

2.      No later than October 21, 2014, Ms. Yembe was reminded in person and in court of her failure to file a claim in this action.

3.      On or about February 20, 2015, the Rule G notice was resent to Ms. Yembe at her place of incarceration.  This mailing resulted in the submission of a verified claim to the government.

4.      After her release, on or about August 7, 2015, the government sent a letter to Ms. Yembe highlighting her failure to file an answer or Rule 12 motion.  Because of her *pro se* status, the government also informed Ms. Yembe that she must seek the Court's permission to file a document out of time, explained that answers should respond to

complaints paragraph by paragraph, and advised her that the government would accept service by email.

5.    On August 12, 2015, after Ms. Yembe complained about the government's August 7, 2015 letter, the Court advised Ms. Yembe to engage in the litigation process.

6.    On August 12, 2015, the government requested a pre-motion conference to seek permission to file this motion if Ms. Yembe did not file an answer or Rule 12 motion by September 2, 2015.

7.    On September 2, 2015, after Ms. Yembe declined to file an answer or Rule 12 motion, the government renewed its request for a pre-motion conference.

8.    On September 10, 2015, the Court waived the pre-motion conference requirement and authorized the government to file a motion to strike Ms. Yembe's claim by October 2, 2015.

Each of the foregoing events represented a reminder, motive and opportunity for Ms. Yembe to file an answer or Rule 12 motion in this action. However, even when she was ultimately faced with the government's impending and court-authorized motion to strike her claim, she still failed to comply with Rule G. Although Ms. Yembe is entitled to some leniency as a *pro se* claimant, she has been given sufficient opportunities to perfect her standing. As she has failed to comply with her obligations under Rule G, her claim should therefore be stricken.

IV.    Conclusion

For the reasons stated above, the government respectfully requests that the Court strike Ms. Yembe's claim for lack of statutory standing.

Respectfully submitted,

KELLY T. CURRIE
Acting United States Attorney

By:    /s/
Karin Orenstein
Assistant U.S. Attorney
(718) 254-6188

Encls.

cc:    Doris Henriette Yembe (via email to Alex Kapolchok)

7