# Reply to Recusal Answer

Rev. Doris Henriette Yembe

15/10/2015

Honorable and Respected

Judge Raymond J. Dearie

225 Cadman Plaza East

Brooklyn, NY, 11201

From: Rev. Doris Henriette Yembe

2840 S Ocean Boulevard Unit 209

Palm Beach, FL, 33480

RE: Recusal Motion

Dear Judge Dearie,

As a reply to your reply to motion filed requesting your recusal I wish to address a few points briefly.

First, please be advised that my statements made were based on factual data and not on personal bias such as `` your decision making process`` as your Letter Suggested.

I however, apologies for not properly expressing myself, as a Canadian our culture and yours have divergence and differences in which leaves an open doorway for miscommunication.

As Judge Jed Rakoff stated in his article `**The Kings of the Courtroom**` published in the Criminal Justice section of the Economist in October 4th 2014 ,

*The pressure to plead guilty*

*Jed Rakoff, a district judge in New York, thinks it unlikely that 95% of defendants are guilty. Of the 2.4m Americans behind bars, he thinks it possible that "thousands, perhaps tens of thousands" confessed despite being innocent. One reason they might do so is because harsh, mandatory-minimum sentencing rules can make such a choice rational.*

*Rather than risk a trial and a 30-year sentence, some cop a plea and accept a much shorter one.*

*In such negotiations prosecutors "hold all the marbles", says Alexandra Natapoff of Loyola Law School. Mandatory sentencing laws prevent judges from taking into account all the circumstances of a case and exercising discretion over the punishment. Instead, its severity depends largely on the charges the prosecutor chooses to file. In complex white-collar cases, they can threaten to count each e-mail as a separate case of wire fraud. In drugs cases they can choose how much of the stash the dealer's sidekick is responsible for. That gives them huge bargaining power. In Florida 4-14g of heroin gets you a minimum of three years in prison; 28g or more gets you 25 years.*

*In 1996 police found a safe in Stephanie George's house containing 500g of cocaine. She said it belonged to her ex-boyfriend, who had the key and admitted that it was his. Prosecutors could have charged Ms George with a minor offence: she was obviously too broke to be a drug kingpin. Instead they charged her for everything in the safe, as well as everything her ex-boyfriend had recently sold—and for obstruction of justice because she denied all knowledge of his dealings. She received a mandatory sentence of life without the possibility of parole. Her ex-boyfriend received a lighter penalty because he testified that he had paid her to let him use her house to store drugs. Ms George was released in April, after 17 years, only because Barack Obama commuted her sentence.*

Which`are factual data, from not only a Judge but a former Assistant United States Attorney as well as defense attorney.

Given he has seen all sides of the criminal justice system, we are able with his integrity ,to attest that he has become a fair Judge, fair enough to speak out loud what many do in the dark and chose to close their eyes one for sake of their own despotism, ego and what not.

Being that I was victim of sexual abuse by that same system during my incarceration countless times, extreme trauma, health negligence, wrongful incarceration and illegal forfeiture action; I have my own perspective on the matter which have remain unaddressed, uncompensated and have led to me fighting an unnecessary and irrelevant civil accusations from false allegations for which no valid irrefutable proof has been submitted other than poor suggestions , trivial arguments and nefarious comments.

My personal feelings may have been strongly reflected in my motions and for this I further apologies, if anyone has had personal bias, it was more

likely to be me than yourself I must admit and confess the reality of this before proceeding any further with this pending case.

Below further data collected and exposed by Judge Rakoff

*CAMERON TODD WILLINGHAM was accused of murdering his daughters in 1991 by setting fire to the family house. The main evidence against him was a forensic report on the fire, later shown to be bunk, and the testimony of a jailhouse informant who claimed to have heard him confess. He was executed in 2004.*

*The snitch who sent him to his death had been told that robbery charges pending against him would be reduced to a lesser offence if he co-operated. After the trial the prosecutor denied that any such deal had been struck, but a handwritten note discovered last year by the Innocence Project, a pressure group, suggests otherwise. In taped interviews, extracts of which were published by the Washington Post, the informant said he lied in court in return for efforts by the prosecutor to secure a reduced sentence and—amazingly—financial support from a local rancher.*

*A study by Northwestern University Law School's Centre on Wrongful Convictions found that 46% of documented wrongful capital convictions between 1973 and 2004 could be traced to false testimony by snitches—making them the leading cause of wrongful convictions in death-penalty cases. The Innocence Project keeps a database of Americans convicted of serious crimes but then exonerated by DNA evidence. Of the 318 it lists, 57 involved informants—and 30 of the convicted had entered a guilty plea.*

*"The prosecutor has more control over life, liberty and reputation than any other person in America," said Robert Jackson, the attorney-general, in 1940. As the current attorney-general, Eric Holder, prepares to stand down (seearticle), American prosecutors are more powerful than ever before.*

*Source: [http://www.economist.com/news/united-states/21621799-how-prosecutors-came-dominate-criminal-justice-system-kings-courtroom](http://www.economist.com/news/united-states/21621799-how-prosecutors-came-dominate-criminal-justice-system-kings-courtroom)*

Therefore, please do not take my comments personally, I had no intention to do such, I realize now ,that had you been an unfair judge, you would of already have made a judgment on this case while I was behind bars not leaving me an opportunity to fight my cause and that the blessing lies in the ability to defend myself as a free woman.

You have allowed me the opportunity to expose the injustice I was victim of, and although I still suffer tremendous trauma for I have been afflicted in my time behind bars, and already was in therapy since 2011 for all the emotional abuse I was victim of prior, I can still regardless appreciate that you are right when you state that I have benefited of the delays.

And for this reason I wish to thank you for this opportunity.

Today I have started the review of all the documents submitted by the Prosecution Party and due to the fact that I am outside of the US in a Full Time Humanitarian Mission, I am seeing extensive work required from me, I please ask the possibility of an extension of 7 business day for my reply due on the 22 of October , if that is not possible, I will work with the time available to me however, I am doing full time humanitarian work and it makes it very difficult to focus on legal matters without proper time to do so.

Kind Regards,

Rev. Doris Henriette Yembe ( Alias :Pastor D )

