

U.S. Department of Justice

United States Attorney
Eastern District of New York

SLR:BDM:KKO　　　　　　　　　　　　　　　　271 Cadman Plaza East
F. #2014V00817　　　　　　　　　　　　　　　　Brooklyn, New York 11201

November 13, 2015

By Interoffice Mail and ECF

Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

　　　　　　　Re:　*United States v. The Proprietary Lease for and any Other Interest Held by Doris Henriette Yembe in the Real Property and Premises Located at 2840 South Ocean Boulevard, Apartment no. 209 and Parking Space no. 166, Palm Beach, Florida 33480*
　　　　　　　　　Civil Action No. 14-2693 (Dearie, J.)

Dear Judge Dearie:

　　　　The government respectfully writes in response to the documents filed by Doris Henriette Yembe ("Yembe") on October 30, 2015 (the "October 30, 2015 Filing"). The October 30, 2015 Filing did not respond to the government's motion to strike Ms. Yembe's claim for failure to file a timely answer or motion pursuant to Rule 12 of the Federal Rules of Civil Procedure. While the October 30, 2015 Filing included a motion to dismiss pursuant to Rule 12(b), Ms. Yembe did not provide a reason why her motion was untimely, explain why that defect should be excused, or request the Court's permission to file her motion out of time. Moreover, Ms. Yembe's motion to dismiss does not actually assert any of the defenses available under Rule 12(b). It should therefore be treated as a nullity. For these reasons, Ms. Yembe lacks standing in this case and both her claim and the entire October 30, 2015 Filing should be stricken.

I.　　　Procedural History

　　　　On or about September 10, 2015, the Court filed an electronic order setting forth a briefing schedule for the government's motion pursuant to Rule G(8)(c). On October 2, 2015, the government filed its motion to strike Ms. Yembe's claim on the grounds that Ms. Yembe lacked statutory standing. Specifically, Ms. Yembe failed to file an answer or Rule 12 motion within 21 days of filing her claim, or, despite multiple reminders and

opportunities, at any time prior to the government's motion.  The Court granted Ms. Yembe an extension to October 30, 2015 to respond to the government's motion.

On October 30, 2015, Ms. Yembe filed 27 single-page images and three audio files.  The October 30, 2015 Filing includes four motions: (1) "motion to dismiss the action" pursuant to Rule G[(8)(b)](i) and Rule 12(b); (2) "motion to file unfiled forfeited items with the Court"; (3) "motion to release property" pursuant to Rule G[(8)](d)(i); and (4) "motion to suppress evidence" pursuant to Rule G(8)(a).  The October 30, 2015 Filing also included a factual memorandum, timeline of events, and various exhibits.  As further discussed below, these documents are not responsive to the government's motion, nor do they cure the defect in Ms. Yembe's standing.

II.     The Government's Motion to Strike Is Unopposed and Should be Granted

Rule G(8)(c)(ii) provides that a motion to strike a claim or answer "must be decided before any motion by the claimant to dismiss the action." *Id*.  Therefore, the Court must first decide the government's motion to strike Ms. Yembe's claim for failure to comply with Rule G(5)(b).  *See United States v. All Funds on Deposit at Citigroup Smith Barney Account No. 600-00338*, 617 F. Supp. 2d 103, 111-12 (E.D.N.Y. 2007) (agreeing with the parties that pursuant to Rule G(8)(c), the court would "consider the motion to strike for lack of standing first").

Ms. Yembe's filing does not address or respond to the government's motion to strike her claim.  Nowhere in the October 30, 2015 Filing does she explain why she failed to file an answer or Rule 12 motion prior to the government's filing of its motion on October 2, 2015, despite many reminders and opportunities to do so.  Similarly, the October 30, 2015 Filing offers no reason as to why this failure should be excused or why she should be permitted to file an answer or Rule 12 motion at this time. The Court should therefore treat the government's motion as unopposed.

The government submits that for the reasons stated in its letter submission of October 2, 2015, the Court should find that Ms. Yembe lacks statutory standing in this case because she failed to comply with Rule G(5)(b).  Upon entry of such a finding by the Court, the October 30, 2015 Filing must be stricken due to Ms. Yembe's lack of standing.

III.    Yembe's Motion to Dismiss Should Be Stricken or Disregarded

Should the Court consider the October 30, 2015 Filing, the government submits that Ms. Yembe's inclusion therein of a motion to dismiss does not cure the defect in her standing.  First, she did not comply with the deadlines in Rule G or have her noncompliance excused by the Court.  Second, while the motion to dismiss cites Rule 12(b) for authority, it does not actually qualify as a Rule 12(b) motion.  The motion to dismiss should therefore be treated as a nullity.

2

      A.      Ms. Yembe Failed to Strictly Comply with Rule G's Deadlines and Her Noncompliance Has Not Been Excused

As the government argued in its motion to strike, Courts typically require "strict compliance" with the rules and deadlines governing civil forfeiture proceedings. *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 529 (2d Cir. 1999) (quoting *United States v. Amiel*, 995 F.2d 367, 371 (2d Cir. 1993)). For Ms. Yembe to file a late answer or Rule 12 motion at this time, she must satisfy the Court that her failure to do so earlier was due to "excusable neglect." *United States v. $1,437.00 U.S. Currency*, 242 F. Supp. 2d 193, 195 (W.D.N.Y. 2002) ("A court . . . has the discretion to excuse a late filing if the claimant can show "excusable neglect" and a meritorious defense."). Because Ms. Yembe has offered no excuse for her late filing, the Court should not excuse her lateness *sua sponte*. *See, e.g., United States v. $417,143.48*, No. 13-CV-5567 (MKB), 2015 WL 5178121, at *9 (E.D.N.Y. Sept. 2, 2015) (striking claim where claimant did not set forth facts demonstrating excusable neglect). Instead, the Court should strike her motion to dismiss for failure to comply with Rule G.

      B.      Ms. Yembe's Motion to Dismiss Does Not State a Basis for Dismissal

Pursuant to Rule 12(b), a party may file a motion to dismiss asserting any of the following defenses: (1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19. Ms. Yembe's motion to dismiss does not explicitly or implicitly invoke any of these defenses. Rather, she argues that the instant action "has carried on as a backup plan for the failed criminal case" against her and should be dismissed because of (1) ethical violations, (2) malicious prosecution, and (3) lack of suitable and irrefutable evidence. None of these arguments qualifies as a basis for a Rule 12(b) motion. Her motion should therefore be stricken as it is not, in fact, a Rule 12 motion.

In the alternative, should the Court reach the merits of Ms. Yembe's motion to dismiss, the motion must fail because it does not state a basis for dismissing this action.

      1.      Parallel Civil and Criminal Proceedings are Permissible

Ms. Yembe asserts that the government acted improperly by commencing this civil forfeiture contemporaneously with the criminal case, and by continuing to pursue the instant action after the government voluntarily dismissed the criminal case. However, the government has committed no error. As the Supreme Court has noted, "Since the earliest years of this Nation, Congress has authorized the Government to seek parallel *in rem* civil forfeiture actions and criminal prosecutions based upon the same underlying events." *United States v. Ursery*, 518 U.S. 267, 274 (1996). Indeed, even if Ms. Yembe had been acquitted of the criminal charges, the government would be entitled to proceed against her property in a civil forfeiture action based on the same alleged conduct. *See United States v. $22,173.00 in U.S. Currency*, 716 F. Supp. 2d 245, 252 (S.D.N.Y. 2010) ("[B]ecause civil forfeiture

actions require proof by preponderance of the evidence, while criminal prosecutions require proof beyond a reasonable doubt, acquittal of criminal charges does not preclude success in a related civil forfeiture proceeding."; footnotes omitted). Her argument that the government is procedurally barred from proceeding with this action therefore fails.

### 2. Administrative Forfeiture and Judicial Forfeiture are Separate Proceedings

Ms. Yembe makes several arguments based on documents that she submitted to U.S. Customs & Border Protection ("CBP"). As the government and Court advised Ms. Yembe at the August 6, 2015 conference, the instant civil forfeiture action against the Florida Apartment and the related civil forfeiture action against 50,000 shares of Probalance Stock[1] were brought in federal court by the U.S. Attorney's Office, while the forfeiture of two vehicles and funds from her bank account are being handled administratively by CBP. CBP is not handling the forfeiture of the Florida Apartment or the Probalance shares issued in Ms. Yembe's name. The judicial and administrative forfeiture proceedings are separate. Therefore, Ms. Yembe's submissions to CBP are not relevant to this action. Further, the fact that Ms. Yembe handwrote the Florida Apartment address onto various CBP submissions cannot effect a change in the scope of the administrative forfeiture proceedings nor have any impact on the judicial proceedings.

### 3. Allegations of Misconduct in Unrelated Proceedings Are Irrelevant

Ms. Yembe's claims that the government engaged in misconduct in connection with the now-dismissed criminal matter do not constitute a basis for dismissing this action under Rule 12(b). In light of the profusion of allegations and their irrelevance to these proceedings, the government will not address Ms. Yembe's allegations at this time. However, the government stands ready to discredit each and every allegation of misconduct should the Court request that it address them.

### 4. The Government Need Not Present "Suitable and Irrefutable Evidence" in a Civil Forfeiture Action

Ms. Yembe seeks to dismiss the forfeiture action on the grounds that the government does not have "suitable and irrefutable evidence." However, this is not the applicable legal standard. In fact, a forfeiture complaint cannot "be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." 18 U.S.C. § 983(a)(3)(D); Supp. R. G(8)(b). A forfeiture complaint need only "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. R. G(2)(f).

---

[1] The government notes that Ms. Yembe never filed a claim to the 50,000 shares or any opposition to the government's motion for a default judgment of forfeiture in the related civil forfeiture action.

4

In this case, the Amended Verified Complaint (the "Complaint") states sufficiently particular facts to support the government's theory of forfeiture. According to the Complaint, Ms. Yembe fraudulently obtained advance fees from clients by wire transfer in reliance on her representation that the fees would be used to purchase surety bonds for business loans she would procure for the clients. (Complaint, at ¶¶ 5-6). As further alleged in the complaint, Ms. Yembe did not purchase any surety bonds, did not provide any loans, and did not refund any money. (*Id*. at ¶ 5). In addition, she sometimes provided a forged copy of a surety bond to satisfy clients' inquiries. (*Id*.). Because her clients' advance fees were intended to be used to purchase surety bonds, Ms. Yembe had no right to apply those funds to personal purchases. As the Complaint alleges, the advance fee paid by a particular client ("Victim #1") was used to purchase the Florida Apartment. (*Id*. at ¶¶ 6-15). Taking these factual allegations as true, the government has established that the Florida Apartment is subject to forfeiture as the proceeds of an advance fee wire fraud scheme. Ms. Yembe's motion to dismiss on the grounds of insufficient evidence should therefore be denied.

The government notes that even if Ms. Yembe argues that she herself was the victim of a larger fraud scheme, the advance fees paid by her clients remain forfeitable as the proceeds of a fraudulent scheme. As she did not have Victim #1's permission to use the advance fee for anything other than the purchase of a surety bond, Ms. Yembe cannot argue that she is an innocent owner of those funds.

IV.     Yembe's Remaining Motions Are Not Properly Before the Court and Should Be Stricken

As Ms. Yembe failed to establish standing as a claimant, not only is her motion to dismiss improperly before the court, so are her remaining motions. *See United States v. Real Prop. Located at 229 Potter Rd., N. Kingstown, R.I.*, 91 F. Supp. 3d 303, 306 (D. Conn. 2015) ("If the claimant lacks standing, the court lacks jurisdiction to consider her challenge of the forfeiture."; quotation omitted). Thus, the government respectfully requests that the Court strike the following motions on the grounds that Ms. Yembe lacks standing: (1) motion to dismiss, (2) motion to "file unfiled forfeited items with the Court," (3) motion to release property, and (4) motion to suppress evidence. The government further notes with respect to the second above-listed motion, Ms. Yembe describes seized vehicles and cash as being "forfeited" on August 29, 2014 and asks that they be "filed" in federal court. First, these assets have not been forfeited administratively or otherwise. They continue to be subject to administrative forfeiture proceedings. Second, the Court lacks authority to order the government to file a civil forfeiture action against any assets, let alone assets that are currently subject to administrative forfeiture proceedings.

V.     Conclusion

       For the reasons stated above, the government respectfully requests that the Court (1) grant the government's motion to strike Ms. Yembe's claim as unopposed; (2) strike Ms. Yembe's purported "Rule 12(b)" motion as inexcusably late, not conforming to Rule 12(b), and/or failing to state a basis for relief; and (3) strike Ms. Yembe's filing in its entirety on the grounds that she lacks standing.

                                                            Respectfully submitted,

                                                            ROBERT L. CAPERS
                                                            United States Attorney

                                                   By:   /s/                                          
                                                            Karin Orenstein
                                                            Assistant U.S. Attorney
                                                            (718) 254-6188


Cc:    Doris Henriette Yembe (by email)